U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2019 SEP 24  AM 10: 26

CLERK

BY_____

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

TABITHA WAKEFIELD,                )
                                  )
        Plaintiff,                )
                                  )
    v.                            )    Case No. 5:17-cv-115
                                  )
PHIL SCOTT, T.J. DONOVAN,         )
MATTHEW BIRMINGHAM, ZACHARY       )
GAUTHIER, TOM MARSH, STEVEN       )
NEILY, and CHRISTOPHER LORA,      )
                                  )
        Defendants.               )

## OPINION AND ORDER ON PENDING MOTIONS
(Docs. 39, 44, 52, 56, 57, 58, 63)

Plaintiff Tabitha Wakefield, representing herself, has filed a civil action against Vermont

Governor Phil Scott, Vermont Attorney General T.J. Donovan, Vermont State Police Director

Matthew Birmingham, Vermont State Police Officers Zachary Gauthier and Christopher Lora

(collectively, the "State Defendants"), and Windsor Town Manager Tom Marsh and Windsor

Police Officer Steven Neily (collectively, the "Municipal Defendants"). (Doc. 4.) All

Defendants are named in their official and individual capacities.

Plaintiff's claims stem from instances of alleged harassment during two separate motor

vehicle stops. The court dismissed many of Plaintiff's claims at screening under 28 U.S.C.

§ 1915(e)(2)(B) (*see* Doc. 3) and following Plaintiff's failure to file an amended complaint after

the court issued its Order on Motions to Dismiss (*see* Docs. 25, 34). The claims that remain are:

Counts 1, 2, and 4, comprising § 1983 official-capacity claims for prospective declaratory or

injunctive relief (against all Defendants) and individual-capacity claims for damages (against

Defendants Gauthier, Lora, and Neily); Count 17, in its entirety against Defendants Marsh and

Neily, and only to the extent it is an individual-capacity claim for gross negligence or willful misconduct against the remaining Defendants; Count 21, in its entirety against Defendants Marsh and Neily, and only to the extent it is an individual-capacity claim for intentional infliction of emotional distress against the remaining Defendants.[1]

Currently pending are two motions for judgment on the pleadings under Federal Rule of Civil Procedure 12(c): one filed by Municipal Defendants Marsh and Neily (Doc. 39), and a second filed by the State Defendants (Doc. 52). Plaintiff has not filed an opposition to either motion. Plaintiff, however, did file a motion to amend her complaint (Doc. 44), dated the day her response to the Municipal Defendants' motion was due, which all defendants oppose (Docs. 49, 51). On December 10, 2018, the Municipal Defendants also moved to compel answers to requests to produce and for an extension of time to file motions for summary judgment (Docs. 56, 57) and the State Defendants moved to compel responses to outstanding discovery requests (Doc. 58). Plaintiff has not responded to any of these motions.

While these motions were pending, on January 9, 2019, Plaintiff appealed to the Second Circuit. (Doc. 59.) On January 23, 2019, this court issued an Entry Order informing the parties it would defer consideration of all pending motions until resolution of the appeal. (Doc. 60.) The Second Circuit Mandate of March 20, 2019 dismissed the appeal for lack of jurisdiction because a final order had not been issued by this court. (Doc. 62.) On June 25, 2019, Plaintiff responded with a second motion to amend her complaint (Doc. 63) which the Municipal Defendants oppose (Doc. 64). The motions are now ripe for adjudication.

---

[1] The Roman numbered counts in the complaint are somewhat out of order: there is no count "IV," and there are two counts numbered "VII." The court refers to the numbered counts by the order in which they appear in the complaint.

## Background

As recounted in the court's previous Orders, Ms. Wakefield (who is white) alleges that she and her boyfriend, Sean Buckner (who is black), "get harassed by the police." (Doc. 4 at 2.) She asserts that when she and Mr. Buckner travel south of Massachusetts, the police "don't even look at us," but that they get harassed by the police in Massachusetts, New Hampshire, Vermont, and New York. (*Id.*) According to the complaint, "[t]he State Government knows of the things that have happened to me and support[s] the actions of the police." (*Id.*) Plaintiff asserts that "[t]he State of Vermont and the Town of Windsor hates us." (*Id.* at 7.)

The complaint recounts one incident of alleged harassment during a motor vehicle stop conducted by Officer Lora, and a second incident during a motor vehicle stop involving Officers Gauthier and Neily. (*Id.* at 2–3.) In the first incident, according to the complaint, Officer Lora pulled Ms. Wakefield and Mr. Buckner over and told them that he had done so because of a faulty registration. (*Id.* at 2.) Plaintiff alleges that the registration was not faulty. (*Id.*) She asserts that Officer Lora bruised her when he forcefully pulled her out of the car. (*Id.*)

The basis for the second stop was that Mr. Buckner had "flipped off" Officer Gauthier. (*Id.* at 3.) At the conclusion of that stop, as Plaintiff and Mr. Buckner were driving away, Ms. Wakefield said "hey one more thing" to Officer Gauthier and to Officer Neily (the latter having apparently arrived on the scene), and she "flipped them off." (*See id.*) Both officers followed Plaintiff and Mr. Buckner, and they ultimately arrested Plaintiff for disorderly conduct, asserting that she was yelling profanities in the presence of women and children. (*Id.*) Ms. Wakefield further alleges that Officer Gauthier "illegally felt my breasts and it was not a proper search." (*Id.*)

3

As the court noted in its Order on Motions to Dismiss, Plaintiff's "complaint includes no allegations of any conduct whatsoever by Defendants Scott, Donovan, Birmingham, or Marsh." (Doc. 25 at 7.)

In her proposed amended complaints, Plaintiff reasserts the claims previously dismissed with prejudice. (*See* Doc. 34 at 1-2; *Compare* Doc. 4 *with* Docs. 44, 63.) In her first 33-page proposed amended complaint, she seeks to add defendants (for a total of 15), new claims, and additional detail regarding the traffic stops, including that the stop by Officer Lora occurred on November 27, 2012. (Doc. 44 at 5.) In her second 38-page proposed amended complaint, Plaintiff seeks to add several more defendants (for a total of 24) and allegations pertaining to two incidents in May and June 2019, during which "Sean Buckner was harassed and threatened by Officer Baker of the Windsor Police Department." (Doc. 63 at 6.) She also states in both that "this complaint is really written for the Justice Department, the Appeal board, Judicial conduct board and the tribunal for treason." (*See* Doc. 44 at 4; Doc. 63 at 10.)

## Analysis

### I.      Motions to Amend

The court must first determine the operative complaint. The Federal Rules of Civil Procedure provide "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . ., whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* 15(a)(2). Leave to amend will be denied, however, if amending the complaint would be futile or would unduly prejudice the defendant.

4

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."). Further, Federal Rule of Civil Procedure 16(b) may limit the ability of party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed. *See* Fed. R. Civ. P. 16(b). When a plaintiff attempts to amend a complaint after the deadline set in a Rule 16(b) scheduling order, the district court can deny the motion if the plaintiff fails to show "good cause." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

Here, Plaintiff has moved to amend her complaint twice. First, on August 15, 2018 (Doc. 44) and again on June 25, 2019 (Doc. 63). Because the court has previously decided motions to dismiss, Rule 15(a)(2) applies. The court, in its January 30, 2018 Order on Motions to Dismiss, explicitly provided Plaintiff an opportunity to file an amended complaint which expired on March 1, 2018. (Doc. 25 at 14.) In that Order, Plaintiff was warned that "failure to file an Amended Complaint will result in the dismissal with prejudice of the claims dismissed." (*Id.*) Consequently, following Plaintiff's failure to file an amended complaint by March 1, the court issued a March 30, 2018 Entry Order noting the dismissal with prejudice of the claims dismissed in the January 30 Order, and cataloguing the remaining claims. (*See* Doc. 34.) On May 1, 2018, the court entered a Stipulated Discovery Schedule/Order requiring that amendments to the pleadings be filed on or before September 15, 2018. (Doc. 37 at 3.)

In these circumstances, Plaintiff's August 2018 attempt to amend the dismissed-with-prejudice claims over five months after the March 1, 2018 deadline must be denied. Plaintiff failed to timely amend those claims following the ruling on the motions to dismiss and the court subsequently dismissed the claims with prejudice. The court will not rescind its March 30, 2018

Entry Order. Plaintiff also failed to comply with this court's Local Rules and her motion is therefore procedurally deficient. Local Rule 15(a) requires a motion to amend a filing include a red-lined version of the proposed amendment clearly designating additions and deletions. D. Vt. L.R. 15(a)(1). Although the court is cognizant of Plaintiff's self-represented status, the court's review of a proposed amended pleading is aided by compliance with the rule. *See Bourn v. Gauthier*, No. 1:09-cv-212, 2010 WL 1753478, at *3 (D. Vt. May 3, 2010) (denying self-represented plaintiff leave to amend for reasons of futility and procedural deficiency for failure to comply with local rule requiring red-line version). Further, with respect to the additional claims Plaintiff seeks to add, her motion to amend is in large part futile.[2] As the court has explained, a private plaintiff may not bring a claim alleging a violation of a criminal statute for which there is no private cause of action. (*See* Doc. 3 at 3 (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)).) Plaintiff's attempt to allege new violations of multiple provisions of Title 18 of the United States Code and Title 13 of the Vermont Statutes Annotated (Doc. 44 at 24-28) must fail because there is no private right of action.[3] Plaintiff's August 15, 2018 motion to amend her complaint (Doc. 44) is DENIED.

With respect to Plaintiff's June 2019 motion to amend her complaint, her second attempt to amend the dismissed-with-prejudice claims and to add the futile claims must be denied. It is

---

[2] For example, Plaintiff's proposed Count 27 seeks to assert a spoliation of evidence claim. (Doc. 44 at 23.) This court has held "spoliation of evidence is not a recognized cause of action under Vermont law." *See Naylor v. Rotech Healthcare, Inc.*, 679 F. Supp. 2d 505, 511 (D. Vt. 2009) (denying leave to amend because adding a claim for spoliation of evidence would be futile).

[3] Specifically, Plaintiff alleges violations of 18 U.S.C. §§ 2 (aiding and abetting); 3 (accessory after the fact); 152(2) (false oath or account); 152(3) (false declaration); 2381 (treason); 2382 (misprision of treason); 2383 (rebellion or insurrection); 2384 (seditious conspiracy); and under 13 V.S.A. § 1027 (disturbing peace by use of telephone or other electronic communications).

also procedurally deficient for the same reason as her first motion:  failure to comply with the local rule requirement of a proposed, red-lined amended complaint.  Further, the attempt to add new defendants and claims regarding incidents involving different defendants and a third party over nine months after the expiration of the deadline in the Discovery Order will not be permitted. *See Parker*, 204 F.3d at 339-40 (holding a district court does not abuse its discretion in denying leave to amend where the moving party has failed to establish good cause, as required by Rule 16(b), to amend the pleadings after the deadline set in the scheduling order).  The existing defendants' motions for judgment on the pleadings have been pending since well before Plaintiff's recent motion to amend and they may be prejudiced by further delay.  Plaintiff will not suffer a similar prejudice as the additional allegations concern parties who are not defendants in this action and are therefore not bound by any of the orders issued in this case, including the discovery schedule.  Plaintiff's June 25, 2019 motion to amend her complaint (Doc. 63) is DENIED.

Accordingly, as noted above, the remaining claims are: Counts 1, 2, and 4, comprising § 1983 official-capacity claims for prospective declaratory or injunctive relief (against all Defendants) and individual-capacity claims for damages (against Defendants Gauthier, Lora, and Neily); Count 17, in its entirety against Defendants Marsh and Neily, and only to the extent it is an individual-capacity claim for gross negligence or willful misconduct against the remaining Defendants; Count 21, in its entirety against Defendants Marsh and Neily, and only to the extent it is an individual-capacity claim for intentional infliction of emotional distress against the remaining Defendants, as alleged in Plaintiff's initial Complaint (Doc. 4).

## II.    Rule 12(c) Standard

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings, asking the court to determine whether judgment should be entered in its favor based solely on the pleadings. "In deciding a Rule 12(c) motion, [the court] employ[s] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (internal quotation marks omitted). The court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in [plaintiff's] favor." *Id.* (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted).

The district court's role "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 113 (2d Cir. 2010) (internal quotation marks omitted); *see also Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) ("The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits."). "Judgment on the pleadings is appropriate if, from the pleadings, the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Servs., Inc. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995). Plaintiff is self-represented and the court is mindful of its obligation to read her complaint liberally and to construe it to raise the strongest arguments it suggests. *Harris v. Miller*, 818 F.3d 49, 57 (2d Cir. 2016) (per curiam) (instructing a reviewing court to afford "special solicitude" to self-represented litigants).

8

A.      Section 1983 Claims (Counts 1, 2, 4)

As the court explained in the August 15, 2017 screening Order, § 1983 "occupies a position of primacy in providing a basis for securing redress for constitutional violations." (Doc. 3 at 4 (internal quotation marks omitted).)  Therefore, the court treats the direct constitutional claims in Counts 1 and 2, alleging causes of action directly under the First and Fourth Amendments, as subsumed by the § 1983 claim in Count 4.

1.      November 27, 2012 Traffic Stop

The State Defendants argue Plaintiff's § 1983 claims seeking redress for violations of her constitutional rights relating to the November 27, 2012 traffic stop are time-barred.  (Doc. 51 at 8-9.)  Following the January 30 Order, the State Defendants asserted in their answer that Plaintiff's claims "are barred in whole or in part by applicable statutes of limitation."  (Doc. 29 at 3, ¶ 2.)  Plaintiff alleges Officer Lora violated her constitutional rights during a traffic stop that occurred in November 2012.

Section 1983 contains no express time limit for bringing claims.  The Supreme Court directs courts to apply the statute of limitations applicable to personal injury claims in the state in which the tort is alleged to have occurred.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). Accordingly, § 1983 claims filed in Vermont are subject to Vermont's three-year statute of limitations for personal injury actions.  *See* 12 V.S.A. § 512(4); *see also Beaupre v. O'Connor*, No. 2:14-cv-256, 2015 WL 5530180, at *2 (D. Vt. Sept. 18, 2015) (applying three-year limitations period from 12 V.S.A. § 512(4) to § 1983 claims).

The accrual date of a § 1983 claim, however, is a question of federal law.  *Wallace*, 549 U.S. at 388.  In the Second Circuit, a claim accrues when it is discovered, which is "when the plaintiff knows or has reason to know of the injury which is the basis of his action."

9

*Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980) (internal quotation marks omitted); *see also Wallace*, 549 U.S. at 388 (noting the standard rule is a cause of action accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief") (internal quotation marks omitted).

In this case, Plaintiff was aware at the time of the traffic stop that Officer Lora injured her when he forcefully pulled her out of the car. She also was aware the reason Officer Lora gave for the stop—a faulty registration—was in her mind false. Despite this knowledge, Plaintiff did not file her action until June 30, 2017, more than four years after the stop. In the absence of an allegation that Plaintiff was unaware of the violations of her rights during the November 2012 traffic stop or any argument regarding when she discovered her cause of action, the court finds Plaintiff's § 1983 claims stemming from the November 2012 traffic stop are barred by the statute of limitations. *See Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999) (dismissal of a complaint on statute of limitations grounds is appropriate on a motion to dismiss if the complaint clearly shows the claim is out of time). Because the only claims against Officer Lora stem from the November 2012 stop, he is entitled to dismissal of the remaining § 1983 individual-capacity claims against him.

### 2.   § 1983 Claims for Injunctive Relief

As the court noted in its Order on Motions to Dismiss, the absence of allegations of any personal involvement by Defendants Scott, Donovan, Birmingham, or Marsh does not bar Plaintiff from obtaining injunctive relief under § 1983. (Doc. 25 at 7.) Plaintiff seeks a "preventive injunction to direct defendants from violating the law"; a "mandatory injunction to stop the life-threatening actions of the defendants"; and, a "permanent injunction to stop the abuse forever." (Doc. 4 at 7.) The State Defendants move for judgment on the pleadings with

10

regard to that requested relief, however, arguing Plaintiff lacks standing and such relief "would be improper even if she had standing to seek it." (Doc. 51 at 9.) The Municipal Defendants also move for judgment on the pleadings arguing Plaintiff has failed to meet the high bar required for the extraordinary remedy of an injunction. (Doc. 39-1 at 16-25.)

Federal Rule of Civil Procedure 65(d) provides that "[e]very order granting an injunction . . . must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1).

> To comply with the specificity and clarity requirements, an injunction must be specific and definite enough to apprise those within its scope of the conduct that is being proscribed. This rule against broad, vague injunctions is designed to prevent uncertainty and confusion on the part of those to whom the injunction is directed and to be sure that the appellate court knows precisely what it is reviewing.

*S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240-41 (2d Cir. 2001) (internal quotation marks and citations omitted). "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

In the Second Circuit, "to comply with Rule 65(d), an injunction must be more specific than a simple command that the defendant obey the law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 144 (2d Cir. 2011) (internal quotation marks omitted). As that is precisely what Plaintiff seeks here—a command to "direct defendants from violating the law"— the court would not be authorized to provide Plaintiff the insufficiently clear and specific relief she requests as it would violate Rule 65(d) and Second Circuit precedent. Further, because an injunction is a matter of equitable discretion, even if Plaintiff were successful on her underlying claims, an injunction "does not necessarily follow from success on the merits as a matter of

11

course." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). Accordingly, Plaintiff's claims for injunctive relief under § 1983 against all Defendants are DISMISSED.

### B.    State Law Claims

Defendants Marsh and Neily now explicitly address Plaintiff's state law claims and move for judgment on the pleadings with respect to Counts 17 and 21. (Doc. 39-1 at 5-13.) The Municipal Defendants did not raise the doctrine of municipal immunity, or otherwise challenge these state-law claims in their September 28, 2017 motion to dismiss. (*See* Doc. 14.) The court has previously held that the Eleventh Amendment bars Plaintiff's tort claims for damages against the State Defendants in their official capacities. (Doc. 25 at 11-12.) The court also held that the Vermont Tort Claims Act, 12 V.S.A. § 5602, bars Count 17—to the extent that it is a negligence claim against the State Defendants—and Count 21—alleging negligent infliction of emotional distress—because Vermont state employees acting within the scope of their employment cannot be held liable for injuries caused by negligence. (*Id.* at 12.) Section 5602, however, does not apply to willful misconduct. 12 V.S.A. § 5602(b).[4] Accordingly, the state law claims remaining against the State Defendants are Counts 17 to the extent it alleges an individual-capacity claim for gross or willful misconduct and Count 21 to the extent it alleges an individual-capacity claim for intentional infliction of emotional distress.

### 1.    "Liability of State" (Count 17)

The Municipal Defendants argue Count 17—titled "Liability of State" and seeking to "Charge the State of Vermont" under 12 V.S.A § 5601(a)—does not state a claim against them because they are not State employees. The court agrees. Because there are no allegations

---

[4] The State Defendants did not move to dismiss the state law claims to the extent they may allege intentional acts in their October 16, 2017 motion to dismiss. (*See* Doc. 23.)

regarding Officer Neily or Town Manager Marsh with regard to this claim, the complaint does not state a plausible claim to relief with regard to them. The Municipal Defendants are accordingly entitled to dismissal of Count 17.

With regard to the State Defendants, Count 17 remains to the extent it is an individual-capacity claim for gross negligence or willful misconduct. The State Defendants argue that, following dismissal of the claims relating to the November 27, 2012 traffic stop, Plaintiff's claims are limited to seeking damages for the allegedly unlawful traffic stop and disorderly conduct citation issued by Officer Gauthier. Because there are no allegations regarding the other State Defendants with regard to this event or claim, the complaint does not state a plausible claim to relief with regard to them. Defendants Scott, Donovan, Birmingham, and Lora are accordingly entitled to dismissal of Count 17.

### 2.   Intentional or Negligent Infliction of Emotional Distress (Count 21)

The Municipal Defendants argue Count 21—alleging intentional or negligent infliction of emotional distress—does not state a claim for intentional infliction of emotional distress ("IIED") against them. They argue it is barred as duplicative or, in the alternative, that Plaintiff's factual allegations do not rise to the level of extreme and outrageous conduct necessary to sustain an IIED claim. The State Defendants again argue that, following dismissal of the claims relating to the November 27, 2012 traffic stop, Plaintiff's claims are limited to seeking damages for the allegedly unlawful traffic stop and disorderly conduct citation issued by Officer Gauthier and that because there are no allegations regarding the other State Defendants, the complaint does not state a plausible IIED claim against them.

The statute of limitations for an IIED claim is three years. 12 V.S.A. § 512(4); *see also Eaton v. Prior*, 58 A.3d 200, 254 (Vt. 2012) (three-year statute of limitations for IIED claim).

As with her § 1983 claim, Plaintiff was aware of the alleged injury caused by Officer Lora at the time of the stop. Accordingly, Officer Lora is entitled to dismissal of Plaintiff's IIED claim against him stemming from the November 2012 stop because it is time-barred under Vermont's statute of limitations.

In Vermont, a claim for IIED requires Plaintiff allege conduct that (1) is "extreme and outrageous," (2) is "intentional or reckless," and (3) "causes severe emotional distress." *Baptie v. Bruno*, 2013 VT 117, ¶ 24, 195 Vt. 308, 318, 88 A.3d 1212, 1219 (internal quotation marks omitted). "The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious, and utterly intolerable in a civilized community." *Denton v. Chittenden Bank*, 655 A.2d 703, 706 (Vt. 1994) (internal quotation marks and alterations omitted). "The test is objective; the plaintiff must show that the harm resulting from the inflicted distress was so severe that no reasonable person could be expected to endure it." *Farnum v. Brattleboro Retreat, Inc.*, 671 A.2d 1249, 1256 (Vt. 1995). The plaintiff bears a heavy burden and "whether a jury could reasonably find that the conduct at issue meets this test" is a "threshold question" for "the court to determine." *Dulude v. Fletcher Allen Health Care, Inc.*, 807 A.2d 390, 398 (Vt. 2002). The Vermont Supreme Court has "declined to find outrageous conduct based solely on the alleged illegal motives underlying the conduct." *Fromson v. State*, 2004 VT 29, ¶ 18, 176 Vt. 395, 402, 848 A.2d 344, 349.

Plaintiff alleges that the police in Vermont harass her and her boyfriend and that the State government is aware of and supports these actions. (Doc. 4 at 2.) The entirety of Plaintiff's allegations regarding the remaining traffic stop is:

> [A]s we were driving Interstate 91N near exit 8, my boyfriend flipped off [Officer] Gauthier and he pulled us over. When we were driving off, I said hey one more thing to [Officer] Gauthier and [Officer] Neily and flipped them off. They followed us and arrested me for disorderly conduct. He said that I was

14

yelling profanities and there were women and children in the parking lot. He said that I said F you. Charges were dropped against me after [I] got a subpoena copy of the video. [Officer[] Gauthier illegally felt my breasts and it was not a proper search.

(*Id.* at 3.)

These allegations contain insufficient factual content to allow the court to infer any Defendant, except Officer Gauthier[5], may be liable for the intentional infliction of emotional distress.[6] See *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) (noting allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal).

Because Plaintiff has failed to allege conduct by Defendants Scott, Donovan, Birmingham, Marsh, or Neily that meets the *Denton* standard, the court finds, as a matter of law, the alleged conduct does not reach the level of extreme outrage required to sustain a claim for intentional infliction of emotional distress. *See Soojung Jang v. Trs. of St. Johnsbury Acad.*, 331 F. Supp. 3d 312, 328 n.11 (D. Vt. 2018) (dismissing IIED clam under Vermont law at pleading stage); *Hovey v. Vermont*, No. 5:16-cv-266, 2017 WL 2167123, at *9-10 (D. Vt. May 16, 2017) (noting the "allegations in this case, taken as true, fall short of establishing outrageous conduct" and dismissing at the pleading stage). Plaintiff's IIED claim is DISMISSED against all Defendants except Defendant Gauthier.

---

[5] The State Defendants do not move for dismissal of the remaining IIED claim against Officer Gauthier (*see* Doc. 51 at 3-4) and, given the allegation that he "felt my breasts," the court will not dismiss the IIED claim against Defendant Gauthier.

[6] Even considering the additional allegations contained in Plaintiff's proposed amended complaints regarding this traffic stop, Plaintiff fails to describe conduct that meets the *Denton* standard with regard to any Defendant except potentially Officer Gauthier.

The Municipal Defendants have not addressed Plaintiff's claim for negligent infliction of emotional distress ("NIED"). In Vermont, to recover for NIED:

> a plaintiff who has not suffered a physical impact must show that the plaintiff (1) . . . was within the 'zone of danger' of an act negligently directed at [plaintiff] by defendant, (2) . . . was subjected to a reasonable fear of immediate personal injury, and (3) . . . in fact suffered substantial bodily injury or illness as a result.

*Vincent v. DeVries*, 2013 VT 34, ¶ 12 n.2, 193 Vt. 574, 72 A.3d 886 (internal quotation marks omitted; alterations in original). Plaintiff's complaint does not contain allegations regarding any of the three elements of a NIED claim. For example, she does not allege she experienced fear of immediate personal injury or that she in fact suffered substantial bodily injury as a result of the actions of either Officer Neily or Town Manager Marsh. In short, Plaintiff's complaint lacks sufficient factual matter to state a plausible claim for NIED against either Officer Neily or Town Manager Marsh. *See Adonna v. Sargent Mfg. Co.*, 485 F. App'x 445, 448 (2d Cir. 2012) (affirming dismissal of NIED claim under Connecticut law because plaintiff failed to state a claim upon which relief could be granted); *Drapeau v. SEI Investments Distrib. Co.*, No. 5:18-cv-119, 2019 WL 2287989, at *9-10 (D. Vt. Apr. 23, 2019) (dismissing NIED claim under Vermont law at the pleading stage); *Vaughan v. Vt. Law Sch. Inc.*, No. 2:10-cv-276, 2011 WL 1085659, at *3 (D. Vt. Mar. 23, 2011) (same). Accordingly, Plaintiff's NIED claim against the Municipal Defendants is DISMISSED.

## III.   Punitive Damages

Plaintiff seeks an award of punitive damages. (Doc. 4 at 7, ¶ 11.) The Municipal Defendants move for judgment on the pleadings with regard to this claim arguing the complaint is "devoid" of factual allegations that would support an award of punitive damages. (Doc. 39-1 at 13.)

16

"The purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 n.9 (1986). Because punitive damages are reserved for especially egregious conduct, the Vermont Supreme Court has set a high bar for plaintiffs seeking such damages. *See Monahan v. GMAC Mortg. Corp.*, 893 A.2d 298, 316-17 (Vt. 2005). Under Vermont law, punitive damages are appropriate where there has been wrongful conduct that is "outrageously reprehensible" and there is proof of malice. *Fly Fish Vt., Inc. v. Chapin Hill Estates, Inc.*, 996 A.2d 1167, 1173 (Vt. 2010). It is not sufficient that the conduct is wrongful or illegal, *id.*; even "deplorable" conduct has not satisfied the outrageously reprehensible element. *See, e.g., Oakley v. Victory in Jesus Ministries, Inc.*, No. 2009-295, 2010 WL 7794410, at *7 (Vt. July 16, 2010) (vacating punitive damages award). Malice may be shown by conduct exhibiting "bad motive, ill will, personal spite or hatred, or reckless disregard." *Id.* "The imposition of punitive damages is properly committed to the sound discretion of the district court." *Wright v. Musanti*, 887 F.3d 577, 588 (2d Cir. 2018).

In light of the above conclusions, Plaintiff's claim for punitive damages against Defendants Scott, Donovan, Birmingham, and Marsh must be dismissed as the complaint includes no allegations of any conduct whatsoever by those defendants and no claims remain against them. With regard to Officer Lora, the only allegations concern the November 2012 stop and, as noted above, claims stemming from that stop are time-barred and no other claims remain against him. With regard to Officer Neily, Plaintiff's failure to plausibly allege malice dooms her request for punitive damages against him. *See Soojung Jang*, 331 F. Supp. 3d at 350 n.22 (finding failure to allege malice "doom[ed] any request for punitive damages").

17

## IV.   Remaining Motions

Also pending are the Municipal Defendants' motion to compel answers to requests to produce and for an extension of time to file motions for summary judgment (Docs. 56, 57) and the State Defendants motion to compel responses to outstanding discovery requests (Doc. 58). The motions to compel are governed by Federal Rule of Civil Procedure 37(a). Although these discovery motions were filed on December 10, 2018, in light of Plaintiff's appeal, consideration of all pending motions was deferred by Order dated January 23, 2019. To date, Plaintiff has not responded to any of these discovery motions.

Municipal Defendants seek the production of recordings of the July 23, 2014 traffic stop Plaintiff referenced during her deposition as well as photographs she stated she had taken depicting injuries sustained as a result of the events of that day. Federal Rule of Civil Procedure 26 expressly requires initial disclosures, including "a copy . . . of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses," Fed. R. Civ. P. 26(a)(1)(A)(ii), and allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Id.* 26(b)(1). Given the reasonableness of the Municipal Defendants' request, Plaintiff's initial disclosure obligations, and obvious relevance of the requested discovery—and in the absence of any response from Plaintiff to the motion or her own motion for protective order—the motion to compel (Doc. 56) is GRANTED. Plaintiff shall respond to the Municipal Defendants' Request to Produce (Doc. 56-2) no later than October 25, 2019.

State Defendants also move to compel Plaintiff to respond to discovery requests. They seek production of the same recordings and photographs as the Municipal Defendants and for the

same reasons noted above, the motion is GRANTED with regard to that discovery. The State Defendants also seek production of any recordings Plaintiff may have of other interactions with police. While such recordings may or may not depict Plaintiff's interactions with any remaining defendants in this case, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P, 26(b)(1). Again, in the absence of any response from Plaintiff with regard to this request, the State Defendants' motion to compel is GRANTED with regard to any other recordings of interactions with police Plaintiff has in her possession. Lastly, State Defendants seek communications between Plaintiff and other individuals regarding her allegations and documents relating to her claimed damages. As these materials are also discoverable under Rule 26, the State Defendants' motion to compel is GRANTED. Accordingly, Plaintiff shall respond to the State Defendants' First Interrogatories and Request for Production of Documents (Doc. 58-3) and Second Request for Production of Documents (Doc. 58-4) no later than October 25, 2019.

Finally, the Municipal Defendants move "to enlarge the time by which the parties may file motions for summary judgment to a date that is . . . 45 days after Plaintiff produces the materials that are the subject" of their motion to compel. (Doc. 57 at 1.) Under the current Discovery Schedule/Order, entered May 1, 2018, motions for summary judgment were due by December 27, 2018. (Doc. 37 at 3, ¶ 14.) The State Defendants stipulate to the requested relief. (*Id.* at 2.) This case commenced June 30, 2017, and the complaint was filed August 15, 2017. In light of the age of the case, the court declines to allow an open-ended deadline for summary judgment motions. Accordingly, the motion for extension of time is GRANTED IN PART and DENIED IN PART. Summary judgment motions shall be filed on or before December 9, 2019, 45 days after Plaintiff's discovery responses are due. If at that time, Plaintiff has not complied

19

with this Order, Defendants may file a motion for sanctions under Rule 37 with their motion for summary judgment. Plaintiff is hereby warned that failure to comply with this Order to provide discovery may result in sanctions such as the striking of her complaint in whole or in part or the dismissal of her action in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A).

## Conclusion

**Disposition of Motions to Amend.** Plaintiff's August 15, 2018 and June 25, 2019 Motions to Amend her complaint (Docs. 44, 63) are DENIED.

**Disposition of Dispositive Motions.** The Municipal and State Defendants' Motions for Partial Judgment on the Pleadings (Docs. 39, 51) are GRANTED. All claims stemming from the November 27, 2012 traffic stop are DISMISSED. Counts 1, 2, and 4 are DISMISSED insofar as those counts seek injunctive relief against all Defendants. Counts 17 and 21, as well as Plaintiff's request for punitive damages, are DISMISSED except with regard to Defendant Gauthier in his individual capacity.

**Summary of Remaining Claims.** Count 4 remains to the extent it states Plaintiff's claim for damages under § 1983 relying on the First and Fourth Amendments against Defendants Gauthier and Neily in their individual capacities. Count 17 remains to the extent it is an individual-capacity claim for gross negligence or willful misconduct against Defendant Gauthier. Count 21 remains to the extent it is an individual-capacity claim for intentional infliction of emotional distress against Defendant Gauthier. Plaintiff's request for punitive damages remains only with respect to Defendant Gauthier.

**Disposition of Discovery Motions.** The Municipal and State Defendants' Motions to Compel are (Docs. 56, 58) are GRANTED. Plaintiff shall respond to defendants' requests no later than October 25, 2019. Plaintiff is hereby warned that failure to comply with this Order to

20

provide discovery may result in sanctions such as the striking of her complaint in whole or in part or the dismissal of her action in whole or in part.

The Municipal Defendant's Motion for an Extension of Time to File Motions for Summary Judgment (Doc. 57) is GRANTED IN PART and DENIED IN PART. Summary judgment motions shall be filed on or before December 9, 2019.

Dated at Rutland, in the District of Vermont, this 24th day of September, 2019.

Geoffrey W. Crawford, Chief Judge
United States District Court

21